IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL PLEWINSKI, | ] | CASE NO. _____ |
| | ] | |
| *Plaintiff*, | ] | |
| | ] | |
| v. | ] | |
| | ] | |
| LUBY'S, INC. D/B/A LUBY'S, | ] | JURY TRIAL DEMANDED |
| | ] | |
| *Defendant*. | ] | |
| _____ | ] | |

## ORIGINAL COMPLAINT

### SUMMARY

1.  Daniel Plewinski (Plewinski) brings this collective action against Luby's, Inc. d/b/a Luby's (Luby's) because Luby's fails to pay the minimum wage required by the Fair Labor Standards Act (FLSA).  Specifically, Luby's pays its servers at sub-minimum wage rates but does not adhere to the FLSA's "tip credit" requirements.  Accordingly, Plewinski and all similarly situated employees are entitled to their unpaid minimum wages, liquidated damages, attorney's fees and costs.

### JURISDICTION AND VENUE

2.  This Court has subject matter under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.  Venue is proper in the Southern District of Texas - Houston Division because all, or a substantial part, of the acts and conduct charged herein occurred in this district and/or because Luby's maintains its corporate headquarters in this district.

**PARTIES**

4.	Plewinski is a resident of Harris County, Texas.  Plewinski was an employee of Defendant within the meaning of the FLSA.  His consent to participate in this collective action is attached hereto as Exhibit 1.

5.	The class of similarly situated employees consists of all waiters and waitresses (servers) employed by Luby's within the past three years.  These similarly situated persons are referred to as the "Members of the Class."

6.	Defendant Luby's is a Delaware Corporation with its corporate headquarters in Houston, Texas.  Luby's is an "enterprise engaged in commerce" within the meaning of the FLSA.  Luby's acted in the interest of an employer with respect to Plewinski and the Members of the Class.  Luby's may be served with process through its registered agent, CT Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.

**FACTS**

7.	Luby's owns and operates numerous restaurants in Texas and elsewhere.

8.	From approximately March 2006 to January 2007, Luby's employed Plewinski as a server at one its restaurants in Houston.  Luby's did not pay Plewinski the required minimum wage of $5.15 per hour.  Instead, Luby's paid Plewinski at the sub-minimum wage rate of $2.13 an hour and claimed a "tip credit" based on tips Plewinski received from Luby's customers.

9.	However, Luby's required Plewinski and its other servers to give up a portion (generally 15%) of their tips.  These tips were retained by Luby's (or its managers) and/or given to employees who do not qualify as "customarily and regularly" tipped employees.

10. Because Luby's cannot retain and/or distribute tips received from its servers in this fashion, Luby's violated the FLSA's tip credit requirements. Therefore, Luby's' failure to pay Plewinski at least $5.15 for all hours worked violates the minimum wage provisions of the FLSA.

11. Luby's is well aware of the FLSA's tip credit requirements. In fact, Luby's widespread violation of the FLSA's tip credit requirements resulted in numerous Department of Labor investigations with a potential liability of sufficient magnitude to warrant disclosure in Luby's' SEC filings. Luby's' violation of the FLSA was willful.

### COLLECTIVE ACTION ALLEGATIONS

12. In addition to Plewinski, Luby's improperly required other servers to give up a portion of their tips to employees who are not eligible to participate in a tip pool.

13. These servers performed job duties which were similar to those performed by Plewinski, such as serving food and drinks to patrons.

14. As it did with Plewinski, Luby's paid these servers less than the minimum wage.

15. However, because it cannot meet the FLSA's tip credit requirements, Luby's is not entitled to a tip credit against the minimum wage owed to any of these servers. Therefore, like Plewinski, these servers are entitled to at least $5.15 for each hour worked.

16. Because Luby's' tip pool policy results in these similarly situated workers receiving less than the minimum wage, notice of this collective action is appropriately sent to:

**All current and former servers employed by Luby's in the past three years.**

## CAUSE OF ACTION

17. Plewinski incorporates herein all allegations contained in preceding paragraphs.

18. Luby's' practice of requiring servers to pay a portion of their tips to non-service employees and to the house was and is in violation of the FLSA. Accordingly, Plewinski and the Members of the Class are entitled to the minimum wage for each hour worked and to the amounts they were required to give to Luby's.

19. Additionally, Plewinski and all those similarly situated are entitled to an amount equal to all of their unpaid wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action. 29 U.S.C. § 216(b).

## JURY DEMAND

20. Plewinski demands a trial by jury.

## PRAYER

21. Plewinski respectfully requests that judgment be entered against Luby's awarding him and all similarly situated employees:

   a. the difference between the direct wage paid by Luby's and the applicable minimum wage for each hour worked;

   b. an equal amount as liquidated damages as allowed under the FLSA;

   c. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA; and

   d. such other and further relief as may be required by law.

          Respectfully submitted,

          **BRUCKNER BURCH PLLC**

              **/S/ Rex Burch**
By: _____

Of Counsel:

          Richard J. (Rex) Burch
          S.D. Tex. No. 21615
          Texas State Bar No. 24001807
          Attorney-In-Charge for Plaintiff

**DEBES LAW FIRM**
Robert R. Debes, Jr.
S.D. Tex. No.12308
Texas State Bar No. 05626150
17 South Briar Hollow Lane, Suite 302
Houston, Texas 77027
Telephone: (713) 623-0900
Telecopier: (713) 623-0951

1415 Louisiana Street, Suite_2125
Houston, Texas 77002
Telephone: (713) 877-8788
Telecopier: (713) 877-8065