IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL PLEWINSKI, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:07-CV-03529 |
| VS. | § § | |
| LUBY'S, INC. D/B/A LUBY'S, | § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
<u>FEDERAL RULES OF CIVIL PROCEDURE</u>**

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

    The Rule 26(f) conference was held via telephone conference on the 24th day of January, 2008.

    Robert Debes appeared on behalf of the Plaintiff.

    Terrence B. Robinson appeared on behalf of the Defendant.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    There are no related cases pending in any state or federal court.

3. **<u>Briefly</u> describe what this case is about.**

    Plaintiff has filed a collective action under the Fair Labor Standards Act (FLSA). He has alleged that Luby's violated the Federal Labor Standards Act ("FLSA") by creating an improper tip pool in which servers are paid sub-minimum wage rates but are required to share up to 15% of their tips with employees who do not qualify as "customarily and regularly" tipped employees.

1

       Defendant counters that Plaintiff and other employees of which Plaintiff complains have been paid in accordance with the requirements of the FLSA. All tip pool employees are appropriately included within the pool in accordance with the requirements of the FLSA and all funds have been appropriately distributed in accordance with the requirements of the FLSA.

**4.**     **Specify the allegation of federal jurisdiction.**

       This Court has jurisdiction under 29 U.S.C. § 216(b).

**5.**     **Name the parties who disagree and the reasons.**

       All parties admit jurisdiction.

**6.**     **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

       *See* Response to No. 8.

**7.**     **List anticipated interventions.**

       *See* Response to No. 8.

**8.**     **Describe class-action issues.**

       Plaintiff will file a motion for conditional class certification no later than February 29, 2008. As of the date of the Rule 26 conference, five (5) current and/or former employees have already opted in to this case in an effort to recover the wages owed to them. Notably, the five current claimants worked at four (4) different Luby's locations: one location in Austin, and three locations in Houston. All locations have a similar tip sharing policy. Contrary to Defendant's stated position below, Plaintiff complains about the practice of sharing tips with the kitchen employee commonly referred to by the claimants as a 'food scrapper' or 'tray cleaner,' an employee who has no interaction with patrons.

       Defendant objects to conditional certification of a collective action in this matter allowing for notice to "similarly situated" employees. Plaintiff has brought this case as a collective action for all "similarly situated" workers employed by Defendant. Therefore, Plaintiff will ask this Court for conditional certification of a collective action and the opportunity to send court-authorized notice to all such workers employed during the past three years. In order to justify conditional certification and notice a plaintiff must make a factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law. Plaintiff claims Luby's employees who perform the functions of employees traditionally called "bussers" do not qualify as "customarily and regularly" tipped employees. There is no precedent in this circuit or any other circuit that defines such employees as employees who do not customarily and regularly receive tips. Abundant

2

authority finds that bussers are appropriately members of a tip pool. Thus, this is a matter *res nova* for this Court, and all other courts. To force Defendants to provide Plaintiff with detailed information on all prior and current employees and to request notice to potential class members under the circumstances of this case would be improper. To allow certification on a claim that has never been determined as a violation of the FLSA would unnecessarily burden all parties.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   The parties have not made their initial disclosures, but anticipate making disclosures on or before February 29, 2008.

10. **Describe the proposed agreed discovery plan, including:**

    A. **Responses to all the matters raised in Rule 26(f).**

    The Parties do not believe any changes to the requirements of the federal rules are required.

    B. **When and to whom the plaintiff anticipates it may send interrogatories.**

    Plaintiff anticipates sending interrogatories to Defendants on or before the end of discovery.

    C. **When and to whom the defendant anticipates it may send interrogatories.**

    Defendant anticipates sending interrogatories to Plaintiff on or before March 30, 2008

    D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

    Plaintiffs anticipate taking the oral depositions of Defendants' corporate representative(s) on payroll and timekeeping issues, as well as other fact witnesses, within the discovery completion deadline.

    E. **Of whom and by when the defendant anticipates taking oral depositions.**

    Defendant anticipates taking depositions of Plaintiffs only after preliminary issues surrounding the collective action are resolved. At this time no other depositions are anticipated by Defendant.

    F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiffs will designate experts and provide reports by August 1, 2008.

Defendant will designate responsive experts and provide their reports 60 days following any expert witness designation made by the Plaintiff.

**G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiffs will depose any expert designated by Defendant before the end of discovery.

**H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendant will depose any expert witness timely designated by Plaintiff prior to the discovery deadline.

**11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

N/A

**12.    Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13.    State the date the planned discovery can reasonably be completed.**

The parties anticipate discovery can be reasonably completed by October 30, 2008.

**14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties have discussed potential resolution and agree that further discussion or mediation may be appropriate after collective action issues have be resolved and some discovery has been completed.

**15.    Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties have agreed to discuss potential liability and damages with their respective clients.

**16.** **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

The parties believe that mediation may be appropriate if informal settlement discussions fail.

**17.** **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

There is opposition amongst the parties to trial before a magistrate judge.

**18.** **State whether a jury demand has been made and if it was made on time.**

Plaintiff has made a timely jury demand.

**19.** **Specify the number of hours it will take to present the evidence in this case.**

The parties anticipate it may take up to three (3) days to present the evidence in this case.

**20.** **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

There are no motions currently pending.

**21.** **List other motions pending.**

None.

**22.** **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

Collective action issues may affect the scheduling of events in this case

**23.** **Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

All parties hereby certify that they have filed their "Disclosure of Interested Persons" as directed.

**24.** **List the names, bar numbers, addresses, and telephone numbers of *all* counsel.**

See below.

Respectfully submitted,

*s/Terrence B. Robinson*
_____
Terrence Robinson, Attorney-in-Charge
State Bar No. 17112900, Fed. I.D. No. 14218
Heidi Gumienny
State Bar No. 24036696, Fed. I.D. No. 36890
GORDON & REES, LLP
1900 West Loop South, Suit 1000
Houston, Texas 77027
Telephone: (713) 961-3366
Facsimile: (713) 961-3938
Email: trobinson@gordonrees.com
Email: hgumienny@gordonrees.com

ATTORNEYS FOR DEFENDANT
LUBY'S, INC. D/B/A LUBY'S

*s/ Rex Burch*
_____
Mr. Richard J. (Rex) Burch
**BRUCKNER BURCH PLLC**
State Bar No. 24001807
S.D. of Texas No. 21615
1000 Louisiana Street, Suite 1300
Houston, Texas 77002
(713) 877-8788 - Telephone
(713) 877-8065 – Facsimile
Email: rburch@brucknerburch.com

ATTORNEY FOR PLAINTIFF

*s/ Robert R. Debes*
_____
Mr. Robert R. Debes
**DEBES LAW FIRM**
S.D. Tex. No. 12308
Texas Bar No. 05626150
17 South Briar Hollow Lane, Suite 302
Houston, Texas 77027
Phone: 713-623-0900
Fax: 713-623-0951
Email: rdebes@.debeslaw.com

ATTORNEY FOR PLAINTIFF

6