IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL PLEWINSKI, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:07-CV-03529 |
| VS. | § § | |
| LUBY'S, INC. D/B/A LUBY'S, | § § | JURY TRIAL DEMANDED |
| Defendants. | § | |

**DEFENDANT LUBY'S, INC'S RESPONSE TO PLAINTIFF'S MOTION FOR CONDITIONAL CLASS CERTIFICATION**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Defendant Luby's, Inc. ("Luby's"), responding to Plaintiff's Motion for Conditional Class Certification as follows:

**I.**

**NATURE AND STAGE OF THE PROCEEDING**

This is a putative collective action lawsuit filed under the Federal Labor Standards Act ("FLSA" or the "Act"), 29 U.S.C. § 216(b). Plaintiff, a former Luby's server, alleges that Luby's has willfully violated the minimum wage provisions of the FLSA by requiring him, and other similarly situated employees, to contribute a portion of collected tips to a tip pool from which Luby's distributes tips to other employees holding the job title "service attendant." Plaintiff has now filed "Plaintiff's Motion for Conditional Certification and Notice to Potential Collective Class Members" (hereinafter "Plaintiff's Motion"), requesting that the Court allow conditional certification of the putative class, allowing notice to all current and former servers

employed by Luby's in the past three years.

Luby's challenges the appropriateness of conditional certification and notice to putative class members in this matter as Plaintiff cannot meet the threshold showing of a Federal Labor Standards Act ("FLSA") violation in this case. The parties have agreed that the issue in this case regarding whether FLSA coverage exists is narrow and may be decided by this Court as a matter of law. Luby's contends that its "service attendants" are properly a part of the tip pool as their duties are equivalent to the duties of bus boys and bus girls and this job classification has been expressly included as a classification appropriately a part of a tip pooling arrangement. (*See* Ex. A; also *see* Ex. B to Defendant's Motion for Summary Judgment) Plaintiff contends that the duties of a service attendant do not place them within the classification of a busser and they are therefore not appropriately sharing in the tip pool. Luby's has fully briefed this issue in its Motion for Summary Judgment and asks that the Court determine whether its "service attendants" are appropriately a part of a tip pooling arrangement before determining whether conditional certification is appropriate under the FLSA.

## II.

### INDISPUTABLE FACTS

The Parties agree in this matter that Luby's operates a cafeteria styled restaurant in which its customers walk through a serving line and choose their food from various steam and serving tables before being seated in the dining room area. Luby's employs wait staff, also known as servers, to meet the needs of its guests within the dining room area. Luby's wait staff perform many, though not all, of the traditional functions of waiters, including greeting customers at the beginning of their meal, refilling their drinks, and bringing them various condiments and other requested items, such as additional utensils, as needed. Unfortunately, moving beyond these

facts we find need some clarification.

The Plaintiff in this case, Daniel Plewinski, has presented the court with declarations from himself and three other consenting plaintiffs in this case. While there appears to be some variation between the four declarations, much of the basic information remains consistent. (See Exhibits 1 – 4 of Plaintiff's Motion.) All declarants, as well as Defendant, agree – that Luby's wait staff are paid a tip wage of $2.13 per hour; that Luby's takes a tip credit against the full minimum wage due its wait staff based on tips received by the wait staff; and that Luby's wait staff are required to "tip out" 15% of their tips to a "tip pool." (*Id.*)  While the declarants and Luby's agree that tip pool money is distributed to certain employees, declarants share confusion as to which employees in fact receive said tip pool money. (*Id.*) Declarants, however, lack any personal knowledge regarding which Luby's employees receive tip pool dollars. The facts are indisputable that the only category of Luby's employees that receive money from the tip pool are service attendants and wait staff. (*See* Ex. B, Declaration of Steve Barrow.) Tip pool money is distributed to the service attendants, and if any tip pool money remains after that distribution, it is distributed back to the wait staff in proportion to their given contribution. (*Id.*)

The parties agree that the procedure for bussing tables in the dining room is a bit different from what is used in a conventional cafeteria. Luby's employs a pre-bussing system, where the wait staff are responsible for "pre-bussing" their tables throughout the meal as items are no longer needed by the guests. (*See* Ex. E to Defendant's Motion for Summary Judgment.) It is again without dispute that all dirty dishes taken from the dining area are delivered in some manner to either a "dish return" room or dish room. There appears to be some confusion in Plaintiff's Motion as to the location of this point of initial delivery. Plaintiff's motion and declarations present evidence that dishes are then placed on a shelving unit and this is

accomplished by the wait staff in some cases and by a secondary employee in other cases. (*See* Ex. 1 – 4 of Plaintiff's Motion.) Plaintiff has used the title "kitchen attendant," "kitchen employee" and "service attendant" to describe this second employee. (*Id.*) Luby's would submit that the correct title of this second employee is in fact "service attendant." (*See* Ex. B, C and D.) Once dishes are brought to the delivery point, Plaintiff's motion again reflects variation and confusion as to how the dishes get to the washing area and who in fact washes those dishes. The next area in need clarification and the subject of variation in Plaintiff's declarations relates to the actual duties of Luby's wait staff and service attendants as those duties relate to their movement within the restaurant.

Luby's has stated that as items are removed from the dining room area, they will be delivered in some manner to the "dish return" room, for later transport to the "dish room" where they are washed by Luby's dishwashers. (*See* Ex. D and E of Defendant's Motion for Summary Judgment.)  There is some degree of variation between the declarants regarding whether the dishes taken from the dining room area are taken to the "dish return" or directly to the "dish room."  (*See* Ex. 1 – 4 to Plaintiff's Motion.) Additionally, some confusion seems to exist as to whether the dish return area is in fact located in the kitchen. (*See* Ex. 1 – 4 to Plaintiff's Motion.) Luby's, therefore, submits with this response, video evidence reflecting the actual layout of a Luby's restaurant to allow this Court to see the restaurant area as it exists in materially similar fashion in every Luby's restaurant. (*See* Ex. E, on disk filed separately). The video shows the restaurant in which Mr. Plewinski was employed at 100 Westminster Plaza, 12121 Westheimer Road, Houston, Texas 77077. The video clearly shows the entire "front of the house" of a Luby's restaurant. A door separates the "front of the house" from the "back of the house" at every entry point. (*Id.*) The dish return area has no door separating it from the front of the house and is in

fact a part of the front of the house. (*Id.*) It is not located in the Kitchen or the dish room. A door separates the dish room from the dish return area and Luby's service attendant's push bus tubs of dishes through a window connecting the two areas. (*Id.*) This is consistent with every Luby's restaurant.

As stated in Luby's Motion for Summary Judgment now pending before this Court, the function of the service attendant is to ensure the movement of dirty dishes from the dining area to the dish return room and from the dish return room to the dish room. As the video reflects, dirty dishes are gathered by the wait staff or a service attendant and taken to the dish return room. (*See* Ex. E) Consistent with Plaintiff's declarations, the dirty dishes are placed on a shelving unit within the dish return room where the service attendants then place them in containers and push them through a window opening connecting the dish return room to the dish room. (*Id.*) The duties of the wait staff and service attendants in a Luby's restaurant have not materially changed since the Plaintiff, Daniel Plewinski, worked for Luby's in 2006. (*See* Ex. D, Declaration of Nuvia Benitez.)

While the declarations presented by Plaintiff contain some misstatements and confusion as to the structure and operations of Luby's restaurants, the facts are indisputable[1] as they materially affect this Court's review of this matter. (*See* Ex. A, B, C, D and E; *See* also Ex. B to Defendant's Motion for Summary Judgment.)

---

[1] Unfortunately, Mr. Plewinski's affidavit goes so far as to contain some outright misrepresentations to this Court. Indeed, his statements regarding delivering dirty dishes directly to "a worker ("kitchen worker") who then washes them," is wholly incredible and must be discounted. Indeed, as to the job duties of Luby's service attendants, some of the declarants admit that service attendants do have occasion to remove dishes directly from the dining room area. See Exhibits 2 and 3 to Plaintiff's Motion.

## III.

## ARGUMENT

Luby's has fully briefed its position as to the appropriateness of utilizing a tip wage and a tip pooling arrangement in its Motion for Summary Judgment already filed with this Court and pending concurrently with Plaintiff's Motion. Luby's, therefore, incorporates its Motion for Summary Judgment by reference as if fully presented within this response to Plaintiff's Motion.

In summary, however, Luby's would state that Plaintiff claim under the FLSA fails as a matter of law as pursuant to the indisputable facts of this case Luby's service attendants are appropriate participants in Luby's tip pooling arrangement. Without a showing of a violation of the FLSA, Plaintiff's motion must fail.

### A.   The Court Should Determine Whether Plaintiff has shown a violation of the FLSA Before Granting Conditional Certification and Effecting Class-wide Notice.

There is ample case law showing that courts should first decide whether a plaintiff has any viable FLSA claims that will survive to trial before determining whether to conditionally certify a collective action under the FLSA. *Lentz v. Spanky's Restaurant II, Inc.*, 491 F. Supp.2d 663 (N.D. Tex. 2007); *Cooper v. Thomason*, 2007 WL 306311, *1 (D. Or. Jan. 26, 2007); *Seever v. Carrols Corp.*, 528 F Supp.2d 159, 169 (W.D.N.Y. 2007); *Berger v. Cleveland Clinic Foundation*, 2007 WL 2902907, * 1 (N.D. Oh. Sep. 29, 2007); *Lance v. The Scotts Co.*, 2005 WL 1785315, *1 (N.D. Ill. Jul. 21, 2005) (denying conditional certification of a collective action because plaintiff's claims could not survive summary judgment); *Moeck v. Gray Supply Corp.*, 2006 WL 42368, *1 (D.N.J. Jan. 6, 2006) (granting summary judgment against one of the defendants in a collective action under the FLSA before denying conditional certification). Luby's will discuss the more pertinent of these cases below.

In *Lentz v. Spanky's Restaurant II, Inc.*, a putative collective action filed in the Northern

District of Texas, similar improper tip pool claims were raised by the Spanky's wait staff against "expediters," a category of employees who assisted the wait staff in providing efficient and prompt customer service. 491 F. Supp.2d 663 (N.D. Tex. 2007). The *Spanky's* court denied plaintiff's motion for notice to potential class members because, among other reasons, there was no clear precedent in any circuit defining expediters as employees who did not customarily and regularly receive tips. *Id.* at 671. Thus, the determination of whether an expediter was appropriately included in a tip pool was a matter *res nova* for the district court. As such, the Court determined that it would be improper to require Spanky's to provide the plaintiff "with detailed information on all prior and current employees and to request the imprimatur of this Court on a proposed notice to potential class members under the circumstances." *Id.*

Similarly, in *Cooper v. Thomason*, a waitress brought several wage and hour claims against her former employers at the Blue Moon Diner on behalf of herself and others similarly situated. *Cooper*, 2007 WL 306311, at *1 (D. Or. Jan. 26, 2007). The plaintiff filed a motion for conditional class certification, and the defendants moved for summary judgment arguing that (1) the plaintiff's tip pool minimum wage claims did not violate the FLSA because the tip pool did not violate the "free and clear" regulation under the FLSA, and (2) the plaintiff's tip pool overtime wage claims did not violate the FLSA because the tip pool contribution was not subtracted from the wages paid. The Court granted summary judgment for defendants on both of these issues and dismissed these claims as a matter of law. The Court determined it would stay all briefing and decisions on pending motions, including the pending motion for conditional class certification, "until we determine if plaintiff has any claims that will survive to trial." 2007 WL 306377, at *3.

In *Seever v. Carrols Corp.*, 528 F Supp.2d 159, 169 (W.D.N.Y. 2007), a group of Burger

King employees from various restaurants sued under the FLSA claiming that they were not compensated for mandatory training activities that took place outside of regular working hours. The employees moved for conditional class certification and for discovery and notice to the nationwide class, and the employer moved to dismiss most of the claims by the plaintiffs. The court ruled that there was no evidence that plaintiffs' attendance at promotional training activities was required to take place outside of regular working hours, was done involuntarily, was directly related to their regular jobs, or resulted in any productive work. Therefore, the court dismissed plaintiffs' claims for uncompensated promotional training. *Id.* After granting summary judgment on these claims, the court denied conditional certification. *Id.*

Similarly, an Ohio federal court granted summary judgment in a proposed collective action against plaintiff on his FLSA claim that he was not being paid for missed lunches before deciding whether to certify a conditional class, stating that "the disposition of Defendant's Motion for Summary Judgment will determine whether Plaintiff's Motion for Class Certification is moot." *See Berger v. Cleveland Clinic Foundation*, 2007 WL 2902907, at * 1 (N.D. Oh. Sep. 29, 2007) (granting in part and denying in part plaintiff's motion for conditional class certification).

There is no precedent in this circuit or any other circuit and there are no regulations, FLSA guidelines, Department of Labor Opinion Letters or other sources defining or otherwise establishing service attendants [who are effectively bussers, as argued in Defendant's pending Motion for Summary Judgment] as employees who do not customarily and regularly receive tips. In accordance with *Lentz v. Spanky's Restaurant II, Inc.*, the Court should not order notice to potential class members until it has first made a determination about whether Luby's has created an improper tip pool under the FLSA by allowing service attendants to receive a portion of the

tips collected by the wait staff. Luby's believes this issue is ripe for a determination and, therefore, urges the Court to decide whether Plaintiff has a viable FLSA claim that will survive to trial before conditionally certifying a collective action, ordering Luby's to produce names and addresses of potential class members and authorizing notice to these individuals.

>    B.   **Early Notice and Full Participation by Opt-Ins is not Necessary or Probative Based on the Type of FLSA Claim Plaintiff Asserts in this Action**

In his Motion for Conditional Class Certification, Plaintiff has cited a handful of cases that he alleges stand for the proposition that the Court should require production of names and contact information of putative class members in order to "assist in evaluating whether a court-approved notice is warranted." However, these cases are distinguishable because they involve FLSA or ADEA claims that are highly fact-intensive, where notice would be effective for determining whether interested class members are "similarly situated." The cases cited by Plaintiff in which unpaid overtime and wage claims were asserted all required individualized determinations about whether each plaintiff had performed tasks or worked hours for which he or she was not compensated or necessitated decisions about whether a particular employee fell under an FLSA exemption based on the specific duties he or she performed. *See, e.g., Miklos v. Golman-Hayden Cos., Inc.*, 2000 WL 1617969, *2 (S.D. Oh. Oct. 24, 2000) (case in which the court was required to determine whether a group of employees, who sued for unpaid overtime compensation, were administratively exempt under the FLSA, which turned on the circumstances unique to each plaintiff and the particular duties of specific employees); *Clarke v. Convergys Customer Mngt. Gp., Inc.*, 370 F. Supp.2d 601, 605 (S.D. Tex. 2005) (FLSA action in which call center employees alleged that their employer failed to pay them overtime wages for varying off-the-clock tasks they performed, including searching for available workstations, booting up computers and logging into computer programs); *Belcher v. Shoney's, Inc.*, 927 F.

Supp.249, 252 (M.D. Tenn. 1996) (FLSA case in which employees who were paid under a fluctuating pay plan sued for unpaid wages and overtime compensation on behalf of employees in Shoney's restaurant who worked different hours and had different job descriptions); *Smith v. Integrated Elec. Svcs., Inc.*, Civil Action No. 07-03529 (S.D. Tex. Aug. 21, 2003) (action in which court had to make a determination regarding whether various employees with various job descriptions and tasks fell within the administrative, executive and/or professional exemption under the FLSA); *Tierney v. TMC Orthopedic, L.P.*, Civil Action No. 03-02420 (S.D. Tex. March. 19, 2004) (same).[2] The other cases Plaintiff cites are age discrimination cases in which notice and participation by opt-in class members was necessary to discover whether a *de facto* policy of company-wide discrimination existed. *See, e.g., Sperling v. Hoffmann-La Roche, Inc.*, 118 F.R.D. 392, 406 (D.N.J. 1988) (ADEA lawsuit in which it was alleged that a pharmaceutical company discriminated against employees over 40 years of age by terminating or demoting them in the context of a reduction in force); *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (same); *Hipp v. Liberty Nat'l Life Ins. Co.*, 164 F.R.D 574, 575 (M.D. Fla. 1996) (action in which plaintiffs alleged that over-40 employees were terminated and replaced by younger, less qualified individuals in violation of the ADEA).

      Here, Plaintiff alleges that Luby's tip pooling policy violates the FLSA because it includes service attendants, whom he claims are not employees who customarily and regularly receive tips. This issue is not a fact-intensive inquiry. There is only one policy at issue and this same policy is uniformly applied to all service attendants. Thus, neither notice nor participation by opt-ins is necessary or probative to the issue of whether Luby's tip-pooling policy violates the

---

[2] Plaintiff also cites to *Gonzales v. Sam Houston Race Park, Ltd.*, Civil Action No. 06-02579 (S.D. Tex. May 23, 2007), an FLSA tip-pooling case, for the proposition that production of mailing lists is appropriate. According to the record in *Gonzales,* the defendant did not object to class-wide notice or production of names and addresses of class members.

FLSA, unlike the cases cited by Plaintiff. Therefore, the Court should determine whether service attendants are employees who are "customarily and regularly tipped" under Section 203(m) of the FLSA, the issue raised in Defendant's pending Motion for Summary Judgment, before considering whether to send notice to potential class members.

WHEREFORE, Defendant Luby's, Inc. respectfully requests that this Court deny Plaintiff's Motion for Conditional Class Certification, deny Plaintiff's request to send Notice to putative class members, dismiss all claims asserted by Plaintiff with prejudice and tax costs against Plaintiff. Defendant requests any further relief to which it is entitled.

Respectfully submitted,

GORDON & REES, LLP

*s/Terrence B. Robinson*

Terrence Robinson, Attorney-in-Charge
State Bar No. 17112900, Fed. I.D. No. 14218
Heidi Gumienny
State Bar No. 24036696, Fed. I.D. No. 36890
GORDON & REES, LLP
1900 West Loop South, Suit 1000
Houston, Texas 77027
Telephone: (713) 961-3366
Facsimile: (713) 961-3938
Email: trobinson@gordonrees.com
Email: hgumienny@gordonrees.com

ATTORNEYS FOR DEFENDANT
LUBY'S, INC. D/B/A LUBY'S

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Motion was served upon the attorneys of record for Plaintiff, via electronic delivery, on this 25th day of April, 2008.

*s/Terrence B. Robinson*
_____
Terence B. Robinson

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL PLEWINSKI, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:07-CV-03529 |
| VS. | § § | |
| LUBY'S, INC. D/B/A LUBY'S, | § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

### ORDER DENYING DEFENDANT'S MOTION FOR CONDITIONAL CLASS CERTIFICATION

On this day, came on to be considered Plaintiff's Motion for Conditional Class Certification ("Motion") and Defendant Luby's, Inc.'s Response to this Motion ("Response"). Having considered the merits of the Motion, Response and the papers on file herein, the Court is of the opinion that said Motion should be DENIED.

Accordingly, it is ORDERED, ADJUDGED and DECREED Plaintiff's Motion for Conditional Certification is hereby DENIED.

Signed this _____ day of _____, 2008.

_____
UNITED STATES DISTRICT JUDGE