IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL PLEWINSKI, | § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO. 4:07-CV-03529 |
| VS. | § § | |
| LUBY'S, INC. D/B/A LUBY'S, | § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

### DEFENDANT LUBY'S, INC'S MOTION TO RECONSIDER RULING ON CONDITIONAL CLASS NOTICE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Luby's, Inc. ("Luby's") files this Motion to Reconsider Ruling on Conditional Class Notice as follows ("Motion to Reconsider"):

I.

On October 1, 2008, the Court entered an Order Granting Motion for Conditional Class Certification and Notice to Potential Collective Class Members. In that Order, the Court authorized the conditional certification of a class of Luby's service attendants. The Court also ordered Luby's to provide Plaintiff's counsel with the names and last known addresses of Luby's current and former servers dating back to October 25, 2008, and approved the Proposed Notice submitted by Plaintiffs.

In its Order, the Court stated "Defendant has not raised any substantial objection to [Plaintiff's] request" that Defendant produce the names and addresses of Luby's waiters employed since October 25, 2004, and, with respect to Plaintiff's Proposed Notice, stated "the

Court finds it reasonable." *See* Order, ¶ 10.  The Court also stated, "The Parties have not addressed the content of Plaintiff's Proposed Notice." *Id.*, ¶ 11.

Based on these statements in the Court's Order, Luby's presumes that the Court overlooked its Supplemental Response to Plaintiff's Motion for Conditional Certification and Notice to Potential Collective Class Members (Docket Entry #49) ("Supplemental Response").  In its Supplemental Response, **_Luby's did raise substantial objections to Plaintiff's Proposed Notice_** by arguing that the Notice: (1) contains no time limitation with respect to the delineation of the proposed class (when the statue of limitations limits notice to two years), (2) contains insufficient information regarding attorneys' fees and costs, and (3) unfairly mischaracterizes and misrepresents the facts regarding Plaintiff's claims.  **_Further, Luby's attached to its Supplemental Response as Exhibit A, Luby's Proposed Notice to Class Members_**.  *See* Exhibit A to Supplemental Response (also Exhibit A to this Motion to Reconsider).

Luby's re-urges and again raises the argument made in its Supplemental Response, which is copied and set forth below:

II.

1. **The Class Notice should be limited to Two Years**

Plaintiffs' propose notice does not contain any date or time limitation with respect to the delineation of the proposed class.  The proposed class should be limited to two years.

The statute of limitations to file a lawsuit for a violation of the FLSA is two years.  *See* 29 U.S.C. § 255(a).  However, the statute of limitations may be extended from two to three years if the violation under the FLSA is shown to be willful.  *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132-33 (1988).  Plaintiffs have the burden to prove that any violation under the FLSA was willful.  *Id.*  In order to prove willfulness, a plaintiff must show that the employer either

2

knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA. *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1416 (5th Cir. 1990). Willfulness refers to conduct that is "voluntary, deliberate, and intentional." *McLaughlin*, 486 U.S. at 133. Simply failing to seek legal advice concerning a wage or overtime issue does not evidence a willful violation of the statute. Further a negligent violation of the FLSA is not a willful violation. *Mireles*, 899 F.2d at 1416. Even if an employer acts unreasonably, its actions do not necessarily constitute a willful violation. *Id.*

Here, Plaintiffs have not produced a shred of evidence of a willful violation of the FLSA by Luby's. There is no clear precedent, including any Department of Labor ("DOL") regulation or opinion letter or case law, establishing that service attendants or employees with functions similar to Luby's service attendants must be excluded from a tip pool. This is a question of first impression. Even if Plaintiffs contend that the Court should allow three-year, rather than two-year, notice on the condition that willfulness be proven later at trial, it would be impractical and procedurally improper to allow Plaintiffs to notify a group of persons who might ultimately not be allowed to recover in any settlement or judgment in this lawsuit. Therefore, the Notice should be limited to two years.

    2.    **The Notice should contain sufficient information regarding Attorneys' Fees**

Plaintiffs' Proposed Notice does not contain any information regarding the percentage of attorneys' fees that Plaintiffs and their counsel have contractually agreed to in the event of a settlement or judgment and contains little information regarding the payment of costs and expenses, including notice that opt-in Plaintiffs may be liable for any costs if they do not prevail. Class notices should contain sufficient information to give proposed members information regarding payment of attorneys' fees. *See Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp.2d

317, 324 (S.D.N.Y. 2007) ("Plaintiff's current proposed notice letter gives potential 'opt-in' Plaintiffs no information about the fee arrangement agreed to by Plaintiff and his attorneys. Because the fee structure may impact an 'opt-in' Plaintiff's recovery, if any, notice of those agreements should be provided up front."); *Garrison v. Check, Carol & Co., Inc.*, 2007 WL 1106128, at *5 (M.D. Fla. Apr. 11, 2007) (notice must include information that "any attorneys' fees or costs will be paid out of a judgment or settlement, if any"); *Stanfield v. First NLC Fin. Servs., LLC*, 2006 WL 3531729 (N.D. Cal. Dec. 5, 2006) ("Although Plaintiffs' counsel has agreed to absorb all costs 'unless and until Plaintiffs achieve successful resolution through judgment or settlement,' potential Plaintiffs should be made aware that they may be liable for costs if [Defendants] prevail."). Thus, Plaintiffs' Proposed Notice is deficient because it does not include any details regarding the percentage contingency fee arrangement with Plaintiffs' counsel and insufficient information regarding the payment of attorneys' fees out of any settlement or judgment or of prospective opt-in Plaintiffs' potential liability for costs.

> 3. **Plaintiffs unfairly mischaracterize and misrepresent the facts relating to their claims**

Plaintiffs claim that Mr. Plewinski was required to pay 15% of his total tips to a tip pool "which the restaurant then either kept for itself or distributed to non-service employees like members of the kitchen staff and dish washers." There is no evidence or allegation that Luby's retained any portion of the tip pool funds for itself. Rather, Defendant has shown that the only employees who may share in the tip pool are the service attendants, who are paid a portion of the tip pool according to the number of hours they work, and any excess amounts are distributed back to the waiters as a "tip payback." *See* Affidavit of Steve Barrow, attached as Exhibit B to Defendant's Response to Plaintiffs' Motion for Certification. Defendant denies that service

4

attendants are the equivalent of "kitchen staff" or "dish washers" and ultimately, it is up to the Court to determine whether the service attendants are properly included within the tip pool.

Attached as Exhibit A to this Motion to Reconsider is Defendants' Proposed Notice to Class Members. Defendant's Proposed Notice (1) limits the class to two years, (2) contains sufficient information regarding the method and amount of attorneys' fees to be paid to Plaintiffs' counsel, and (3) corrects the factual and legal mischaracterizations in Plaintiff's Proposed Notice and presents a representation of the facts, claims and defenses in this lawsuit that is ***fair to all parties***.

WHEREFORE, Defendant Luby's, Inc. requests that the Court reconsider its ruling regarding approval of Plaintiff's Proposed Notice and enter an order approving the Notice proposed by Defendant, attached as Exhibit A to this Motion to Reconsider. Defendant requests any further relief to which it is entitled.

Respectfully submitted,

***GORDON & REES, LLP***

 s/Terrence B. Robinson

Terrence Robinson, Attorney-in-Charge
State Bar No. 17112900
Heidi Gumienny
State Bar No. 24036696
1900 West Loop South, Suit 1000
Houston, Texas 77027
Telephone: (713) 961-3366
Facsimile: (713) 961-3938
Email: trobinson@gordonrees.com
Email: hgumienny@gordonrees.com

**ATTORNEYS FOR DEFENDANT
LUBY'S, INC. D/B/A LUBY'S**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Reply was served upon the attorneys of record for Plaintiff, via electronic delivery, on this 2nd day of October, 2008.

*s/Terrence B. Robinson*

Terrence B. Robinson